## Case No. 7,638.

### In re KEELER.

[10 N. B. R. 419; [1] 20 Int. Rev. Rec. 82.]

District Court, S. D. New York. 1874.

INVOLUNTARY BANKRUPTCY — PETITION OF CREDITOR—PROPER ALLEGATIONS—AMOUNT OF DEBTS IN PETITION—NUMBER OF CREDITORS PETITIONING—ADMISSION OF REGULARITY BY DEBTOR.

A single creditor filed a petition July 23, 1874, which contained no allegation that the creditor constitutes one-fourth, at least, in number of the creditors of the debtor, and that the aggregate of his debts provable under the act amounts to at least one-third of the debts so provable. The petition was accompanied by a paper purporting to be signed by the debtor to the effect, "That the debtor admits that the requisite number and amount of his creditors have joined in the petition herein, and consents that proceedings shall be had under said petition as a petition signed by the requisite number and amount of his creditors." There was no authentication of the genuineness of the signature to this paper, nor was it verified by the oath of the signer. *Held,* that the absence of the allegation as to the number and amount of the creditors in the petition is not supplied by the admission of the debtor now presented. That even after such admission is made in writing the court must be satisfied that the admission was made in good faith. Order to show cause refused.

[Cited in Re McKibben, Case No. 8,859; Re Mann, Id. 9,033.]

In bankruptcy.

BLATCHFORD, District Judge. The petition in this case, which is one in involuntary bankruptcy by a single creditor, contains no allegation that the creditor constitutes one-fourth, at least, in number of the creditors of the debtor, and that the aggregate of his debts, provable under the act [of 1874 (18 Stat. 178)], amounts to at least one-third of the debts so provable. It was filed July 23, 1874. It is accompanied by a separate paper, purporting to be signed by the debtor, and reading thus: "The said James R. Keeler does hereby admit that the requisite number and amount of his creditors have joined in the petition herein, and does consent that proceedings shall be had under said petition, as a petition signed by the requisite number and amount of his creditors." There is no authentication of the genuineness of the sig-

nature to this paper, nor is it verified by an oath of the signer. I have held, in the case of In re Scull [Case No. 12,568], that the petition must contain the allegation, which, as before said, this petition does not contain. The absence of such allegation, which, if in the petition, is verified by the oath to the petition, is not supplied by any admission by the debtor, much less by admission in form, such as the one now presented, and not accompanied by any oath that the petitioning creditor does constitute the required number and amount of creditors. It is the allegation of the petition as to the number or amount of petitioning creditors, which, by the statute, the debtor may deny, by a statement in writing to that effect. The statute then says (Act June 22, 1874, § 12): "But if such debtor shall, on the filing of the petition, admit in writing that the requisite number and amount of creditors have petitioned, the court, if satisfied that the admission was made in good faith, shall so adjudge, which judgment shall be final, and the matter proceed without further steps on the subject." The purport of this provision, in view of the context, is that the admission is to be an admission of an allegation in the petition, which shows that the requisite number and amount of creditors have petitioned, and which allegation is before the court, verified by the oath to the petition. The court, even after such admission in writing, is to be satisfied that the admission was made in good faith, before it can adjudge that the requisite number and amount of creditors have petitioned. Certainly, it cannot be thus satisfied on the present papers; a petition without the allegation; an admission not acknowledged or verified; no evidence of the authenticity of the signature of the debtor; no oath that the petitioning creditor constitutes the requisite number and amount of creditors; and the admission which states the legal conclusion, that the requisite number and amount of creditors have joined in the petition (without anything to show that the debtor knows what such requisite number and amount of creditors is), instead of stating and admitting facts from which the court can draw such legal conclusion. The statute intends to exclude collusion, and not to permit a person to be adjudged an involuntary bankrupt unless the statute is strictly complied with. This is shown not only by the provision that the court must be satisfied that such admission of the debtor was made in good faith, but also by the provision of the section 13 of the act of 1874, that the court must be satisfied that the requirement as to the number and amount of petitioning creditors has been complied with, or else must dismiss the proceeding. I therefore cannot, on these papers, issue an order to show cause.

[1] [Reprinted from 10 N. B. R. 419, by permission.]